M. B. WINGATE and his wife, DARLINE B. WINGATE, v. MRS. IVA KAPP, a widow, H. T. SCHULENBERGER and his wife, PHYLLIS K. SCHULENBERGER.

36 So. (2nd) 170                                    June Term, 1948
June 25, 1948                                           Division B

*Knight, Underwood & Cullen, J. L. Blackwell* and *Brannon & Brown,* for plaintiffs.

*Marks, Gray, Yates & Conroy, Perry A. Nichols* and *G. Warren Sanchez,* for defendants.

*J. Tom Watson,* Attorney General, *Sumter Leitner* and *Fred M. Burns,* Assistant Attorneys General, as amicus curiae.

ADAMS, J.:

Pursuant to Rule 38 Honorable R. H. Rowe, Circuit Judge, has certified the following questions.

On November 10, 1947, a term of the circut court began in Suwannee County. At the end of the second week the panel of jurors was discharged, all cases having been tried except this one civil case. The circuit judge wrote the attorneys in the case the following letter:

"As I understand it, the above cause pending in Suwannee County, Florida, is to be tried in Live Oak on December 1st next.

"The criminal docket will be disposed of in Live Oak prior to December 1st, and so far as I now know, there will be nothing to try other than the above cause.

"The State would not wish to bear the expense of procuring and of attendance by a jury for the purpose of trying the

civil cause. Therefore, this is to advise that the expense incident to procuring and service of a jury will be taxed as costs of the case. You will please advise the number of jurors that you think will be needed for the trial."

A jury was then summoned for December 1 which tried the case and the question now arises whether the parties or the state will pay the jury fees and the fees of the sheriff in summoning them. The November term of court had not been adjourned.

The answer requires a construction of Section 40.25, Fla. Stat., 1941, F.S.A., which reads:

"The mileage and per diem of jurors summoned specially to try any issue of facts arising in a civil cause under the laws of this state, before any court or judge in vacation, shall be taxed as costs, and paid by the party to the cause as other costs are paid; and before such jury is summoned, the party demanding the same may be required by the court or judge or deposit an amount sufficient to cover the cost of such jury trial."

We have held that the phrase "in vacation" means the same as it is used in the common law which is that period of time from the end of one term to the beginning of another. Ex Parte Earman, 85 Fla. 297, 95 So. 755.

The November term had not ended; it had only adjourned for a recess, and the answer is that the cost of the jury must be paid by the state.

So ordered.

THOMAS, C. J., BARNS and HOBSON, JJ., concur.